**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| ADVANCED TECHNOLOGY SYSTEMS, INC., Plaintiff, v. THE UNITED STATES OF AMERICA, Defendant. and PEROT SYSTEMS GOVERNMENT SERVICES, INC., Intervenor. | No. 07-743C (Judge Bush) |

**PEROT SYSTEMS GOVERNMENT SERVICES, INC.'S MOTION TO INTERVENE**

Pursuant to Rule 7(b) of the Rules of the United States Court of Federal Claims ("RCFC"), Perot Systems Government Services, Inc. ("Perot"), by its undersigned counsel, respectfully moves to intervene as a matter of right in the above-captioned matter. Perot's oral motion to intervene was granted during a teleconference with the Court and counsel for Plaintiff and Defendant in this matter during a teleconference on Thursday, October 25, 2007.

Prior to its oral motion being granted, counsel for Perot was prepared to argue that intervention is proper in accordance with Rule 24(a) of the Rules of the Court of Federal Claims ("RCFC") because Perot has timely applied for intervention, Perot is the contract awardee and therefore has an interest relating to the transaction that is the subject of this action, Perot's protection of its interest will be impaired or impeded without its participation, and because Perot's interest will not be adequately represented by the existing parties. Prior to its oral motion

being granted, counsel for Perot was also prepared to argue that, alternatively, Perot should be permitted to intervene in accordance with RCFC 24(b) because Perot's defense and the main action have questions of law or fact in common.

Again, though counsel for Perot understands that its oral motion to intervene in the matter has been granted, in accordance with the RCFC, a Memorandum of Points and Authorities has been provided for the Court's reference.

Respectfully submitted,

Dated: October 26, 2007

s/J. Scott Hommer, III
J. Scott Hommer, III
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
E-mail: jshommer@venable.com
Telephone No.: (703) 760-1658
Telecopier No.: (703) 821-8949

*Counsel to Perot Systems Government Services, Inc.*

Of Counsel:

William L. Walsh, Jr
Keir X. Bancroft
Patrick R. Quigley
Peter A. Riesen
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone No.: (703) 760-1600
Telecopier No.: (703) 821-8949

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ADVANCED TECHNOLOGY SYSTEMS, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-743C |
| | ) | (Judge Bush) |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |
| and | ) | |
| PEROT SYSTEMS GOVERNMENT SERVICES, INC., | ) | |
| Intervenor. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PEROT SYSTEMS GOVERNMENT SERVICES, INC.'S MOTION TO INTERVENE**

Pursuant to Rule 7(b) of the Rules of the United States Court of Federal Claims ("RCFC"), Perot Systems Government Services, Inc. ("Perot"), by its undersigned counsel, respectfully submits this Memorandum of Points and Authorities in support of its Motion to Intervene. As noted in its Motion, Perot understands that its oral motion to intervene in the matter was granted in this matter during a teleconference with the Court, and counsel for Plaintiff and Defendant, on Thursday, October 25, 2007. For that reason, and as set forth below, Perot is entitled to intervene as a matter of right in accordance with RCFC 24(a). Alternatively, Perot should be permitted to intervene in accordance with RCFC 24(b).

## STATEMENT OF FACTS

On October 12, 2007, Advanced Technology Systems, Inc. ("ATS") filed a post-award protest at the United States Government Accountability Office (the "GAO") challenging the award of a contract to Perot by the United States Department of Education ("DOED") pursuant to Solicitation No. ED-07-R-0034. The DOED thereafter stayed performance of the award, per 31 U.S.C. § 3553(d)(3)(A). However, on October 18, 2007, the DOED informed the GAO that it would override the stay of performance, per 31 U.S.C. § 3553(d)(3)(C). ATS has not withdrawn its GAO protest but comes before this Court to challenge the DOED's decision to override the stay of performance. Perot is the contract awardee and is an intervenor in ATS's protest at the GAO. As the awardee, Perot continues to be an interested party in the disposition of this matter, particularly since it would suffer significant harm in the event that the relief requested by Plaintiff is granted. Accordingly, Perot now moves to intervene in this case.

## ARGUMENT

### A. PEROT IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT.

Perot is entitled to intervene in this action as a matter of right under RCFC 24(a), which provides that:

> Upon timely application anyone shall be permitted to intervene in an action: . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest unless the applicant's interest is adequately represented by existing parties.

RCFC 24(a). In accordance with this rule, intervention is proper because Perot has timely applied for intervention, Perot is the contract awardee and therefore has an interest in the transaction that is the subject of this action, Perot's protection of its interest will be

impaired or impeded without its participation, and because Perot's interest will not be adequately represented by the existing parties.

Perot was awarded the contract which override of the stay of performance ATS now challenges. Perot therefore has a direct and substantial economic interest in the allegations raised by ATS because the disposition of ATS's allegations could impact Perot's contracts and ATS's request for remedies is directed at trying to hinder Perot's performance of the contract. *See Karuk Tribe v. United States*, 28 Fed. Cl. 694, 696 (1993) (stating that "to intervene as a matter of right, an applicant-intervenor must demonstrate a direct, immediate, legally protectable interest in the proceedings, such that the intervenor would 'either gain or lose by the direct legal operation and effect of the judgment'"). Thus, granting the relief requested by Plaintiff in this action would, as a practical matter, impair or impede Perot's property interest in the awarded contract.

Intervention also is proper because Perot's interests are not adequately protected by the United States. The United States' interests, which may be driven by specific political and/or policy agendas, are potentially divergent from Perot's more narrowly focused interest in protecting the fruits of its substantial investment in this procurement. It is important to note that courts require only a "minimal" burden to show that intervention is necessary on the ground that representation by existing parties may be inadequate. *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n.10 (1972). When the party that is expected to represent the intervenor's interests is a government body or officer, there is no presumption that such representation would be adequate, unless that body or officer is charged by law to represent the interests of the absentee. *Natural Resources Defense Council v. EPA*, 99 F.R.D. 607, 610 n.5 (D.D.C. 1983); *Diamond v.*

*District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986) (insurance companies permitted to intervene in support of insurance statute that the government was already defending); *see also Karuk Tribe*, 28 Fed. Cl. at 697-98 (concluding that the United States, as a trustee, "must represent the interests of all Indians" but even then "[t]o the extent that the interest of the Tribe and those of the plaintiffs conflict, the United States' ability to represent all Indians is compromised"). In this case, the United States is not (nor does it claim to be) an adequate representative of Perot's interests in this litigation. In conclusion, Perot is entitled to intervene in this matter as a matter of right, and its motion should therefore be granted.

**B. PEROT SHOULD BE PERMITTED TO INTERVENE.**

Alternatively, Perot should be permitted to intervene in accordance with RCFC 24(b) because Perot's claims and defenses and the main action have questions of law or fact in common. Accordingly, Perot properly should be granted permissive intervention in the event that the Court deems that RCFC 24(a) does not entitle Perot to intervention as a matter of right.

## **CONCLUSION**

For the foregoing reasons, Perot is entitled to intervene (1) as a matter of right or (2) by permissive intervention. Accordingly, Perot's Motion to Intervene should be granted.

Respectfully submitted,

Dated: October 26, 2007

s/J. Scott Hommer, III
J. Scott Hommer, III
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
E-mail: jshommer@venable.com
Telephone No.: (703) 760-1658
Telecopier No.: (703) 821-8949

*Counsel to Perot Systems Government Services, Inc.*

Of Counsel:

William L. Walsh, Jr
Keir X. Bancroft
Patrick R. Quigley
Peter A. Riesen
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone No.: (703) 760-1600
Telecopier No.: (703) 821-8949

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ADVANCED TECHNOLOGY SYSTEMS, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-743C<br>(Judge Bush) |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |
| and | ) | |
| PEROT SYSTEMS GOVERNMENT SERVICES, INC., | ) | |
| Intervenor. | ) | |

**PEROT SYSTEMS GOVERNMENT SERVICES, INC.'S CORPORATE DISCLOSURE STATEMENT**

Pursuant to Rule 7.1(a) of the Rules of the United States Court of Federal Claims, Perot Systems Government Services, Inc., by its undersigned counsel, timely files this Corporate Disclosure Statement. Perot Systems Government Services, Inc. is a wholly-owned subsidiary of Perot Systems Corporation, a publicly-held corporation.

Respectfully submitted,

Dated: October 26, 2007

s/J. Scott Hommer, III
J. Scott Hommer, III
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
E-mail: jshommer@venable.com
Telephone No.: (703) 760-1658
Telecopier No.: (703) 821-8949

*Counsel to Perot Systems Government Services, Inc.*

Of Counsel:

William L. Walsh, Jr
Keir X. Bancroft
Patrick R. Quigley
Peter A. Riesen
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone No.: (703) 760-1600
Telecopier No.: (703) 821-8949

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| ADVANCED TECHNOLOGY SYSTEMS, INC., Plaintiff, | |
| v. | No. 07-743C (Judge Bush) |
| THE UNITED STATES OF AMERICA, Defendant. | |
| and | |
| PEROT SYSTEMS GOVERNMENT SERVICES, INC., Intervenor. | |

**<u>ORDER</u>**

HAVING READ AND CONSIDERED the Motion to Intervene and supporting Memorandum of Points and Authorities filed by Perot Systems Government Services, Inc. ("Perot"), and the fact that Plaintiff's oral motion to intervene was granted during a teleconference with this Court and counsel for Plaintiff and Defendant on Thursday, October 25, 2007, along with any response thereto by the Plaintiff, the Court has determined that Perot's Motion to Intervene as of Right should be, and hereby is, GRANTED.

SO ORDERED.

______________________________
Judge Lynn J. Bush

October ____, 2007