# In the United States Court of Federal Claims

No. 07-743 C

(October 26, 2007)

* * * * * * * * * * * * * * * *
ADVANCED TECHNOLOGY SYSTEMS, INC.,

*Plaintiff,*

v.

THE UNITED STATES,

*Defendant,*

PEROT SYSTEMS, INC.,

*Intervenor-defendant.*

* * * * * * * * * * * * * * * *

## ORDER

Advanced Technology Systems, Inc. (ATS) filed its post-award bid protest complaint on October 24, 2007, contesting the Department of Education's (DOE) override of the automatic stay triggered by a bid protest at the Government Accountability Office (GAO). The court held a telephonic status conference with counsel on October 25, 2007, wherein all agreed that plaintiff's action should be expediently resolved directly on the merits of this case. The court also granted, over the opposition of plaintiff, a motion to intervene by Perot Systems Government Services, Inc. (Perot), the awardee performing on a DOE contract as a result of the agency's override of the automatic stay. Participating with the undersigned in the October 25, 2007 teleconference were:

Richard L. Moorhouse, attorney for plaintiff;
David T. Hickey, for plaintiff;
Sean M. Connelly, for plaintiff;

Scott D. Slater, attorney for defendant;
Jeffrey C. Morhardt, agency counsel for DOE;
J. Scott Hommer, attorney for intervenor-defendant;
William L. Walsh, Jr., for intervenor-defendant;
John Bean, law clerk.

Plaintiff seeks declaratory and injunctive relief setting aside the DOE's override of the automatic stay triggered by plaintiff's protest at GAO, a protest challenging the award to Perot of Contract # ED-07-CO-0042 (EDUCATE). Although plaintiff has requested multiple forms of relief, including a temporary restraining order (TRO), preliminary injunction, permanent injunction and declaratory relief voiding the override of the automatic stay, plaintiff agreed during the conference call to forego a separate consideration of its TRO motion, and to consolidate its demands to be resolved through an expedited briefing schedule on the merits of its protest. The court proposed an accelerated briefing schedule, to which the parties agreed. This schedule is reproduced below.

The court noted that the agreed-upon schedule does not accommodate supplements to the administrative record, and ordered the parties to confer and agree beforehand as to the relevant documents which would be entered into the administrative record. The court ordered that the record contain all information necessary to the consideration of the merits of plaintiff's challenge to DOE's override of the automatic stay, but omit related but inessential documents. The court inquired as to whether the parties desire that a protective order be entered in the subject matter, and the parties were in agreement that this was necessary. The court noted the immediate need for a protective order, so that the administrative record, and an unredacted version of the agency's override decision justification, could be made available to all of the parties.

The court identified some pertinent factual issues, and solicited clarifications concerning the contract price, start date, Perot's performance thus far, the end date of the incumbent contractor's contract, and the projected date for the GAO decision on plaintiff's protest in that forum. The court closed the call by thanking the parties for their availability and urging them to cooperate in this expedited litigation. This order memorializes the agreements reached during the telephonic status conference and sets the schedule for further proceedings in this matter. A separate order, issued on this date, enters a protective order governing filings in the subject matter.

Accordingly, it is hereby **ORDERED** that:

(1) Perot Systems Government Services, Inc.'s Motion to Intervene, made orally October 25, 2007 and filed October 26, 2007, is **GRANTED**;

(2) Defendant's Unopposed Motion for a Protective Order, filed October 26, 2007, is **GRANTED**;

(3) Defendant shall **FILE** and serve on the other parties either a **CD-ROM** of the Administrative Record or an electronic version of same, by **5:00 p.m.**, eastern time on **October 29, 2007**; Defendant shall also **DELIVER** two bound paper copies of the Administrative Record to chambers by **5:00 p.m., eastern time** on **October 29, 2007**;

(4) Plaintiff shall **FILE** a Motion for Judgment on the Administrative Record by **5:00 p.m.**, eastern time on **November 1, 2007**;

(5) Defendant and intervenor-defendant shall **FILE** Cross Motions for Judgment on the Administrative Record by **5:00 p.m.**, eastern time on **November 5, 2007**;

(6) Plaintiff shall **FILE** a Response/Reply to defendant's and intervenor-defendant's Cross Motions by **5:00 p.m.**, eastern time on **November 7, 2007**;

(7) Defendant and intervenor-defendant shall **FILE** Replies by **5:00 p.m.**, eastern time on **November 9, 2007**;

(8) Whenever briefing, including exhibits and attachments, causes an electronic filing to exceed thirty pages, the party shall **DELIVER** a paper courtesy copy of that filing to chambers by **5:00 p.m.**, eastern time on the same business day; and

(9) **Telephonic Oral Argument** shall be **HELD** at **2 p.m.**, eastern

time on Tuesday, **November 13, 2007**.

/s/Lynn J. Bush
LYNN J. BUSH
Judge